IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GRAYLIN GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3185 |
| | ) | |
| v. | ) | |
| | ) | |
| LANCASTER, COUNTY OF, | ) | MEMORANDUM AND ORDER |
| TERRY WAGNER, Sheriff of | ) | |
| Lancaster County, MICHAEL | ) | |
| THURBER, Director, Lancaster | ) | |
| County Corrections, and TERRY | ) | |
| WEBER, Superintendent, Lancaster | ) | |
| County Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to this court's order entered on September 10, 2007, (filing No. 9), the plaintiff was given until September 28, 2007 to either show cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g) or, in the alternative, to pay the full $350 filing fee. The plaintiff's response, filed on September 19, 2007, reiterates that he is indigent, and argues that dismissing this case will send a "clear message to any and all Defendants in any and all civil proceedings, that it's okay to violate an indigent person's Constitutional rights and get away with it, because that person is indigent and cannot afford to pay the filing fee." Filing No. 10, p. 2.

Title 28 U.S.C. § 1915(g) does not unconstitutionally impede an indigent inmate's right of access to the courts. Higgins v. Carpenter, 258 F.3d 797, 800 (8th Cir. 2001). As explained in Higgins:

> Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and

> until they file three meritless suits. Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strikes rule is ever applied to them. . . .
>
> Even when § 1915(g) is applied, the affected inmate can file his suit by paying the full filing fee up front. . . . The indigent inmate who has three strikes also may file if he is under imminent danger of serious physical injury. . . .

Higgins, 258 F.3d at 800 (internal citations omitted). Section 1915(g) "does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later." Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998).

The plaintiff has not shown that any exception to the § 1915(g) "three strikes rule" is applicable to his case or circumstances. He has not paid the $350.00 filing fee. His case must be dismissed.

IT IS ORDERED that:

1. The above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915(g).

2. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of October, 2007.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge